## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM S. CAREY and GERMAINE A. CAREY, <br><br> Plaintiffs, <br><br> v. <br><br> NEW PENN EXPLORATION, LLC, and SOUTHWESTERN ENERGY PRODUCTION COMPANY, INC., <br><br> Defendants, | CIVIL ACTION NO. 3:09-CV-188 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is a motion to dismiss by Defendants New Penn Exploration, LLC ("New Penn"), and Southwestern Energy Production Company, Inc. ("Southwestern"). (Doc. 4.) For the reasons discussed below, this motion will be granted in part and denied in part. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

## BACKGROUND

Plaintiffs William and Germaine Carey are the fee simple owners of a parcel of appropximately 61.56 acres in Clark Summit, Pennsylvania. (Compl. ¶¶ 1, 4.) On or about May 17, 2007, Plaintiffs entered into a "preprinted form Paid-Up Oil and Gas Lease" with New Penn. (Compl. ¶ 5.) On or about December 8, 2008, New Penn assigned this lease to Southwestern. (Compl. ¶ 7.) Plaintiffs entered into the lease agreement after being told by New Penn's agent that "Defendant would never pay any more than $50.00 per acre so they better take the $50.00 per acre and that the Plaintiffs will never get anymore." (Compl. ¶ 10.) Plaintiffs were informed that the lease conformed with Pennsylvania law. (Compl. ¶

12.) Plaintiffs were also told by New Penn's agent that if they did not sign the lease, that a well would be put on their neighbor's land and that they could take Plaintiffs' gas and pay Plaintiffs nothing. (Compl. ¶ 21.) Plaintiffs relied upon the assertions of New Penn's agent (Compl. ¶¶ 17-18) and Plaintiffs subsequently learned that at least some of those assertions were false. (Compl. ¶ 19). The lease agreement provides that Plaintiffs will receive a one-eighth royalty after deduction of post-production expenses incurred downstream of the wellhead. (Compl. ¶ 23.)

Plaintiffs filed their complaint in the Pennsylvania Court of Common Pleas of Susquehanna County, Pennsylvania, on or about December 30, 2008, seeking a court order to invalidate the lease agreement with Defendants. (Doc. 3.) On January 29, 2009, Defendants removed this action to the United States District Court for the Middle District of Pennsylvania. (Doc. 1.) On February 4, 2009, Defendants filed the present motion to dismiss. (Doc. 4.) This motion has been fully briefed by both sides and is now ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S.

at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v.*

*Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Plaintiffs' Complaint contains two counts. At Count I, Plaintiffs allege that the Defendants, through their agent, fraudulently induced them to enter into the lease agreement. At Count II, Plaintiffs allege that the lease agreement violates Pennsylvania law setting the statutory minimum level of royalty payments. I will consider Defendants' motion to dismiss each count seriatim.

### I. Fraudulent Inducement[1]

Plaintiffs first allege that statements made by Defendant New Penn's agent were fraudulent, and that those statements induced them to enter into the lease agreement. Fraudulent inducement occurs where a contracting party made false representations which induced the complaining party to agreeing to the contract. *Toy v. Metropolitan Life Ins. Co.*, 928 A.2d 186, 205 (Pa. 2007) (citations omitted). To sufficiently allege a cause of action for fraudulent inducement, Plaintiffs must allege: 1) a false representation; 2) materiality; 3) scienter; 4) justifiable reliance; and 5) damage as a proximate result. *Piper v. Am. Nat'l Life*

---

[1] Defendants correctly point out that Plaintiffs' brief in opposition does not contain any arguments in defense of their claim at Count I for fraudulent inducement, instead focusing solely on the question of the royalties statute. (Br. in Opp'n, Doc. 7.) Local Rule 7.6 states that if a party fails to file a *brief in opposition* the motion will be considered unopposed. Here Plaintiffs have filed a brief, so the motion has been opposed. Standing alone at this stage of the proceedings, the Court will not deem Plaintiffs failure to discuss this claim as having abandoned it.

4

*Ins. Co.*, 228 F. Supp.2d 553, 559 (M.D. Pa 2002). Plaintiffs allege that three statements made by Defendants' agent fraudulently induced them to enter into the lease agreement: 1) that the best price Defendants would pay was $50 per acre; 2) that without the lease, Defendants would be able to access the gas under Plaintiffs' property from adjoining properties without paying Plaintiffs; and 3) that Plaintiffs would receive a one-eighth royalty from the gas extracted. (Compl. ¶¶ 10, 12, 21.)

Defendants argue that the parol evidence rule precludes the presentation of any evidence beyond the terms of the contract. The parol evidence rule bars evidence of "previous oral or written negotiations or agreements involving the same subject matter as the contract . . . to explain or vary the terms of the contract." *Yocca v. Pittsburgh Steeler Sports, Inc.*, 854 A.2d 425, 436-37 (Pa. 2004). With respect to fraudulent inducement, representations made prior to the contract are considered superseded and disclaimed by a fully integrated written agreement. *Toy*, 928 A.2d at 206-07. The critical question is whether the present lease agreement was fully integrated. If fully integrated, the language of the contract would control over any language used during the negotiations to induce the Plaintiffs to sign the contract. The record before this Court, however, does not contain a copy of the actual lease agreement between the parties. The Court cannot determine whether the contract is fully integrated, and therefore, cannot determine if the parol evidence rule will defeat Plaintiffs' claim of fraudulent inducement. Defendants' motion to dismiss Count I will be denied.

**II.     Pennsylvania Royalties Statute (58 P.S. § 33)**

Plaintiffs' second theory is that the lease agreement should be voided because it does not comport with the minimum royalties required by Pennsylvania law.  *See* 58 P.S. § 33. Plaintiffs argue that the leases method of calculating royalties by first deducted "post production" costs from the sale price is inappropriate.  The Pennsylvania Supreme Court recently addressed this exact issue in *Kilmer v. Elexco Land Services, Inc.*, No. 63 MAP 2009, 2010 Pa. LEXIS 517 (Mar. 24, 2010).  The *Kilmer* Court evaluated similar lease agreement language permitting a one-eighth royalty to be calculated by first deducting "post production" costs, and held that this method is appropriate under the statute.  *Kilmer*, 2010 Pa. LEXIS 517, at *30.  Because this decision clearly rejects Plaintiffs' argument, Plaintiffs' claim at Count II fails to state a claim for relief.  Defendants' motion to dismiss Count II will be granted.

**CONCLUSION**

For the foregoing reasons, the Defendants' motion to dismiss will be granted in part and denied in part.  Specifically, as to Plaintiffs' claim for fraudulent inducement, the motion will be denied because the record does not permit the Court to determine if the lease agreement is fully integrated.  As to Plaintiffs' claim under 58 P.S. § 33, the motion will be granted as Plaintiffs' interpretation was specifically rejected by the Pennsylvania Supreme Court in *Kilmer v. Elexco Services, Inc.*  An appropriate order follows.


  April 28, 2010                                                              /s/ A. Richard Caputo
Date                                                                                 A. Richard Caputo
                                                                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM S. CAREY and<br>GERMAINE A. CAREY,<br><br>    Plaintiffs,<br><br>            v.<br><br>NEW PENN EXPLORATION, LLC, and<br>SOUTHWESTERN ENERGY<br>PRODUCTION COMPANY, INC.,<br><br>    Defendants, | CIVIL ACTION NO. 3:09-CV-188<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this   8th   day of April, 2010, **IT IS HEREBY ORDERED** that the Motion to Dismiss (Doc. 4) by Defendants New Penn Exploration, LLC, and Southwestern Energy Production Company, Inc. is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1)     As to Count I, the motion is **DENIED**.

(2)     As to Count II, the motion is **GRANTED**.

                                                               /s/ A. Richard Caputo
                                                               A. Richard Caputo
                                                               United States District Judge